**Vincent KOOPMAN, Plaintiff–Appellant,**

v.

**WATER DISTRICT NO. 1 OF JOHNSON COUNTY, KANSAS, and Roger Fairbanks, Defendants–Appellees.**

No. 93–3095.

United States Court of Appeals, Tenth Circuit.

Dec. 13, 1994.

**1418**

Stephen J. Dennis of Dennis & Battis, P.A., Fairway, KS, for plaintiff-appellant.

Daniel M. Zimmerman (Marty T. Jackson with him on the brief), of Speer, Austin, Holliday & Zimmerman, Olathe, KS, for defendants-appellees.

Before MOORE, LAY,[1] and McWILLIAMS, Circuit Judges.

LAY, Senior Circuit Judge.

In the first appeal of this case, this Court reversed in part a grant of summary judgment in favor of Water District No. 1 of Johnson, Kansas, ("the District") as to Vincent Koopman's due process claim relating to his alleged wrongful discharge in November of 1986. *See Koopman v. Water Dist. No. 1,* 972 F.2d 1160 (10th Cir.1992). Trial was thereafter held; the district court ruled as a matter of law that Koopman had been denied both a pretermination and a post-termination hearing. The District thereafter claimed that Koopman would have been terminated for cause whether or not he was afforded due process. The jury returned a verdict in favor of Koopman for one dollar. The court then denied Koopman attorney's fees and this appeal followed.

On appeal Koopman asserts error in the instructions and claims the district court abused its discretion failing to award attorney's fees. We affirm the judgment of the district court on the merits; we reverse and remand for determination of reasonable attorney's fees to be awarded Koopman under the facts and circumstances of the case.

## DISCUSSION

The District hired Koopman in 1982. In October of 1986, Koopman's supervisors met to discuss his excessive absenteeism. At that time, he held the position of Utility Man II. Koopman submitted to a physical exam which revealed he had a chronic back condition of spondylosis. The physician indicated that Koopman should not do the heavy lifting required of Utility Man II. Koopman was thereafter terminated and told there were no vacant positions for workers with his physical limitations. The District refused to review its decision, despite Koopman's express disagreement with the examining physician. Koopman thereafter brought this suit, alleg-

---

1. The Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

ing that the District had not provided him with a proper pretermination or post-termination hearing as required by the Fourteenth Amendment's guarantee of due process, that his termination had been retaliatory, and that his termination violated his First Amendment rights.[2]

■ In this appeal, Koopman asserts that the court, notwithstanding its entry of judgment as a matter of law, should have instructed the jury more fully concerning the requirements of pretermination and post-termination hearings and informed the jury that they could award Koopman damages for emotional distress.

## DUE PROCESS

The court instructed the jury that

[i]f a public employee has a property interest in continued employment he or she may not be deprived of that interest without due process of law, guaranteed by the Fourteenth Amendment. In such cases, due process consists of a pretermination hearing and a post-termination hearing. Whether plaintiff received a pretermination hearing or a post-termination hearing and whether those hearings were adequate are not issues about which you need to make a determination in this case.

In addition, the court told the jury "if you find that plaintiff had an implied contract of employment then as a matter of law, defendant deprived plaintiff of a property interest without due process of law."

The jury asked several questions during their deliberations as to what they could permissibly consider while deliberating if Koopman would have been discharged "whether or not [he] was afforded Constitutional due process." Without knowing what due process involved, Koopman insists the jury could not answer the question. He contends the court should have instructed that a

preterminiation hearing must include notice, an explanation of the employer's evidence, and an opportunity to respond. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). He also contends the jury should have been instructed that the post-termination hearing should have been more elaborate to allow for definitive factfinding. *See Powell v. Mikulecky,* 891 F.2d 1454, 1458 (10th Cir.1989).

The District responds that because the jury was not to consider whether Koopman got due process, they did not need to know what due process entails. Further, the District contends even if the omission was erroneous, it did not affect any of Koopman's substantial rights because the District provided unrebutted evidence showing Koopman was discharged because of his back condition.

As the case was submitted, we hold that all the jury needed to decide was whether Koopman's medical condition was sufficient reason for his termination and whether the District could have provided a job opening suitable for him. At trial, Koopman did not present any medical opinion contradicting the examining physician's report or make any showing that the District had a suitable job opening. We hold the trial court did not err in refusing to give instructions on the procedural requirements of due process.

## DAMAGES FOR EMOTIONAL SUFFERING

■ Koopman urges there was sufficient evidence for the court to have instructed jurors that they could award damages for the emotional suffering the denial of due process caused him. He argues that if there is any evidence of mental distress, the issue of damages should go to a jury. *Wulf v. City of Wichita,* 883 F.2d 842 (10th Cir.1989). Koopman contends he testified his inability to get his termination decision reviewed left him "very distressed" and caused him "a lot of stress."[3]

---

2. In the first appeal this court upheld that portion of the district court's grant of summary judgment for the District based upon Koopman's claim of retaliatory discharge. *Koopman,* 972 F.2d 1160.

3. Koopman did so testify, but he made those statements in response to this question: "Mr.

Koopman, as a result of your termination and as a result of your efforts unsuccessfully to get your matter heard before the Water Board, can you tell the Court and jury how that made you feel?" Koopman answered: "Well, I was very depressed after I was terminated for a while and it caused a lot of stress." Neither the question nor the response distinguishes between emotional

In *Wulf* we reviewed an award of damages under § 1983 for mental anguish and distress arising from a wrongful termination of plaintiff's employment. We allowed damages because both Wulf and his wife testified he was under tremendous emotional strain from *the loss of his job,* but remanded with instructions to reconsider the amount of the award. *Id.* at 875.

■ *Wulf* is clearly distinguishable. Wulf's loss of his employment was wrongful and the issue of whether there was sufficient proof of emotional suffering from the denial of due process did not arise. Testimony by a plaintiff, and by one close to him or her, of emotional distress, supported by inferences readily drawn from the facts surrounding and following from the denial of procedural due process are sufficient to support an award of damages. *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).[4] Here, Koopman offered no witness to corroborate his testimony as to his mental state. The circumstances of the case afford no basis for inferring the cause of Koopman's reported stress was the denial of due process rather than his termination.

*BURDEN OF PROOF*

■ This issue essentially revisits the first issue Koopman raised. Koopman argues the District failed to meet its burden of showing he would have been terminated even if he had received due process. Because jurors were not told what due process required, they could only speculate whether the District would have terminated Koopman even if Koopman had been given due process.

The jury verdicts make clear that jurors believed Koopman was terminated because of his back problems. Providing adequate pre-termination and post-termination proceedings would not change that fact.

*ATTORNEY'S FEES*

■ Lastly, Koopman argues the court was in error to deny his motion for attorney's

fees. Koopman contends he was a prevailing party by proving the District violated his due process rights, and that he vindicated an important constitutional right. The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988(b), permits a court to award attorney's fees to the prevailing party in a § 1983 action. It is clear that under *Farrar v. Hobby,* Koopman is a prevailing party because he was awarded nominal damages. —— U.S. ——, ——, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). But 42 U.S.C. § 1988(b) also states the prevailing party is only to receive "a reasonable attorney's fee." Thus, the inquiry here, as in *Farrar,* involves determining what would be a reasonable attorney's fee.

In *Farrar,* the Court stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.,* 113 S.Ct. at 574 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). The Court offered the general conclusion that it is usually appropriate to deny fees when only nominal damages were awarded. However, the Supreme Court in *City of Riverside v. Rivera,* 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986), observed:

> [t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988. It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees. We reject the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers. (citation omitted).

■ We distinguish this case from *Farrar* on several grounds. As Justice O'Connor observed in her concurring opinion, Farrar "filed a lawsuit demanding 17 million dollars from six defendants. After 10 years of litigation and two trips to the Court of Appeals, he

---

suffering due to the termination and suffering due to the denial of due process.

**4.** In *Piphus,* the Supreme Court held that mental and emotional suffering consequent to a denial of procedural due process were compensable, but

were not to be presumed. *Id.* at 262–64. The Court indicated customary ways of showing distress sufficed, as "evidenced by one's conduct and observed by others." *Id.* at 264 n. 20.

got one dollar from one defendant." *Id.* at 575, 106 S.Ct. at 2694. In addition, Farrar's suit could not fairly be said to have any prospect of benefitting anyone other than Farrar. Koopman's victory, like Farrar's, did little for him personally, but in sharp contrast to Farrar's, had significant implications in establishing basic rights for public employees holding a similar property interest. *See Arnett v. Kennedy,* 416 U.S. 134, 167, 94 S.Ct. 1633, 1651, 40 L.Ed.2d 15 (1984) (stating the "right [to due process] is conferred, not by legislative grace, but by constitutional guarantees."); *see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 793, 109 S.Ct. 1486, 1494, 103 L.Ed.2d 866 (1989) (observing that in enacting § 1988, Congress intended to encourage plaintiffs to act as private attorney generals). In addition, in this case the District erroneously obtained a summary judgment against Koopman's constitutional claim. This required Koopman's attorney to undergo a time consuming appeal to vindicate Koopman's right to a jury trial.

Unlike the litigation in *Farrar,* this litigation has not been protracted nor are the claims for damages extravagant and, as Koopman claims, his victory sends an important message to the District. As a result of this case, the District is on notice that it must provide its employees with constitutionally adequate pretermination and post-termination hearings. This is a significant victory. Although it is true Koopman received only a nominal award, the present and future employees of the District benefit by having their rights affirmed.

It does not appear to us this is the kind of case *Farrar* was intended to discourage attorneys from taking. It is true Koopman was not successful in proving he was damaged, but we do not believe he and his attorney should bear the entire cost of battling the District's unconstitutional practices. Deterring meritorious lawsuits on constitutional issues because they offer a small likelihood of a significant money judgment presents as grave a danger to our legal system as frivolous litigation. In the past, we have attempted to balance these concerns in cases where nominal damages were awarded but which involved the vindication of a constitutional right of significance extending beyond the plaintiff by reducing rather than denying the award of attorney's fees. *See, e.g., Nephew v. City of Aurora,* 830 F.2d 1547 (10th Cir. 1987) (en banc) (holding that even though plaintiffs were awarded nominal damages, attorney's fees could be awarded where the amount of the fee was reduced because plaintiffs did not succeed on all counts), *cert. denied,* 485 U.S. 976, 108 S.Ct. 1269, 99 L.Ed.2d 481 (1988).[5]

It is indisputable that Koopman did not prove actual damages and so under *Farrar* is not entitled to full reimbursement for attorney's fees and costs. Nonetheless, his lawsuit was successful in important ways. We remand the issue of the appropriate amount of attorney's fees and costs to the district court.

We AFFIRM in part and REMAND in part for further proceedings consistent with this opinion.