74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Karen L. HUGHES, Individually and as next friend and
guardian of Stephen Wendell Bird & John Lovell
Bird, minor children; Harold L. Hughes,
individually, Plaintiffs-Appellants,
v.
George W. WARRINGTON, Individually, and acting in concert
with Bryce Hill, Cozetta Gordon and the members of the Board
of Education of the New Lima Independent School District No.
I-006 of Seminole County; BIBLE FELLOWSHIPS, INC.,
Defendants-Appellees,
and
THE BOARD OF EDUCATION OF THE NEW LIMA INDEPENDENT SCHOOL
DISTRICT NO. I-006 OF SEMINOLE COUNTY; W.H. Houck, Jr.,
Marvin Keesee, Michell King, J.W. Anson, and Lawrence K.
Edwards, individually and in their official capacities as
members of the Board of Education of the New Lima
Independent School District No. I-006 of Seminole County;
Bryce Hill, individually and in his official capacity as
Superintendent of the New Lima Independent School District
No. I-006 of Seminole County; Cozetta Gordon, individually
and in her official capacity as Elementary Principal of the
New Lima Independent School District No. 6 of Seminole
County; Oliver Price, Executive Director of Bible
Fellowships, Inc., Defendants.
 No. 94-6371.
No. (D.C. No. CIV-92-24-T).
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs Karen L. and Harold L. Hughes appeal the district court's order reducing the amount of attorney's fees and costs awarded them under 42 U.S.C.1988. We affirm.
 
 
 3
 Plaintiffs brought this action against the New Lima public school district Board of Education, board members, superintendent, and the elementary school principal as well as the Rev. George W. Warrington, Bible Fellowships, Inc., and its executive director, Oliver Price. Plaintiffs alleged defendants had violated their rights under the First Amendment Establishment Clause by presenting religious training at the school during school hours.
 
 
 4
 Plaintiffs settled with the school district defendants. The settlement included a declaratory judgment that plaintiffs' First Amendment rights had been violated, an injunction that prohibited religious presentations on district school campuses, and damages of $25.00.
 
 
 5
 The district court denied plaintiffs' request for an injunction against Rev. Warrington holding that the injunction against the school sufficed to prevent further violations by him, but entered a declaratory judgment that Rev. Warrington had violated plaintiffs' First Amendment rights. The case proceeded to trial on the issues of "(1) whether defendants Oliver Price and Bible Fellowships, Inc. also violated the Establishment Clause and may be held liable under 1983 because they acted jointly or in concert with defendant Warrington; and (2) the damages sustained by the plaintiffs." Plaintiff's App. Vol. II at 208. The jury found no liability on the part of Oliver Price. The jury, finding Bible Fellowships jointly liable with Rev. Warrington, awarded Karen Hughes $250.00. Harold Hughes and the children, Stephen and John Bird, were each awarded one dollar.
 
 
 6
 The district court divided the fee award into four distinct periods: (1) from the inception of the suit until February 4, 1992, when the presentations ended; (2) from February 4, 1992, until the entry of final judgment; (3) from the entry of final judgment until the report on attorney's fees was filed; and (4) the period involving settlement negotiations between plaintiffs and the school district. The court awarded the full amount requested for periods one, three, and four. The court also awarded the full amount requested for period two until the declaratory judgment was entered. It reduced the fee award for the remainder of the period which covered preparation for the trial and the trial itself. Plaintiffs appeal the district court's reduction of the fee award for period two.
 
 
 7
 We review the district court's grant of attorney's fees and costs for an abuse of discretion. Jane L. v. Bangerter, 61 F.3d 1505, 1509 (10th Cir.1995). We will reverse the underlying factual findings only if we determine they are clearly erroneous. Id. Further, we give "great weight ... to the district court's determination of an appropriate fee." Hall v. Western Prod. Co., 988 F.2d 1050, 1057 (10th Cir.1993).
 
 
 8
 In ordering the reduced award for period two, the court noted that the primary question raised during that time period was one of damages against the three remaining defendants. The court determined the award should be reduced based on the limited success plaintiffs achieved on this claim and plaintiffs' failure to recover punitive damages.
 
 
 9
 Section 1988(b) provides that a prevailing party other than the United States may obtain costs and attorney's fees in an action brought under 1983. The parties agree plaintiffs are prevailing parties. See Farrar v. Hobby, 113 S.Ct. 566, 572 (1992). As the trial court noted, plaintiffs received minimal damages from defendants which "accomplished little beyond giving [plaintiffs] 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated.' " Id. at 574 (quoting Hewitt v. Helms, 482 U.S. 755, 762 (1987)). "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id. at 575 (citation omitted).
 
 
 10
 We have granted attorney's fees when only nominal damages were awarded where the plaintiff's success "had significant implications in establishing basic rights," although because the plaintiff did not prove actual damages, he was not entitled to full reimbursement. See Koopman v. Water Dist. No. 1, 41 F.3d 1417, 1421 (10th Cir.1994), cert. denied, 116 S.Ct. 420 (1995); see also Wilcox v. City of Reno, 42 F.3d 550, 554-55 (9th Cir.1994)(holding that while Farrar did not establish a per se rule prohibiting the award of fees when only nominal damages are awarded, if damages were the sole purpose of the suit, the district court should consider the award of only nominal damages a strong indication of a low degree of success).
 
 
 11
 More than nominal damages were awarded here. In fact, Ms. Hughes received ten times the amount plaintiffs settled for with the school district defendants. Nonetheless, the damages awarded were minimal. Further, the award did not have any significant bearing on establishing that plaintiffs' First Amendment rights had been violated. That violation was established prior to trial. Even without a trial, plaintiffs still would have received significant relief based on the injunction prohibiting further constitutional violations.
 
 
 12
 Therefore, the district court did not abuse its discretion in reducing the amount of costs and fees awarded for period two. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3