McKAY, Circuit Judge.
Plaintiff Ann Brandau, a former employee of the State of Kansas, sued the State for hostile work environment and quid pro quo sexual harassment, retaliation, and constructive discharge under Title VII, 42 U.S.C. § 2000e-2(a)(l) to 2000e-17. She worked in the Adult Probation Division for the Twenty- *1181 Ninth Judicial District of Wyandotte County, Kansas, and she sought twenty-one months’ back-pay and $50,000 in compensatory damages. Plaintiff prevailed on her hostile work environment sexual harassment claim, and the jury awarded her nominal damages of $1.00. The district court then found that Plaintiff was the prevailing party and awarded her attorney’s fees and expenses under 42 U.S.C. § 2000e-5(k) in the amount of $41,-598.13. Defendant appeals the district court’s decision to award attorney’s fees and expenses.[1] We exercise jurisdiction under 28 U.S.C. § 1291.
We review an award of attorney’s fees for abuse of discretion. See Berry v. Stevinson Chevrolet, 74 F.3d 980, 989 (10th Cir.1996). We will reverse the district court’s factual findings only if we have “ ‘a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.’” Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting McEwen v. City of Norman, Okla., 926 F.2d 1539, 1553-54 (10th Cir.1991)). However, we review de novo the district court’s legal analysis underpinning the award. See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1231 (10th Cir.1997).
Plaintiff and Defendant both rely on Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), to support their claims regarding the award of fees and costs. In Farrar, the Supreme Court considered the reasonableness of awarding attorney’s fees under 42 U.S.C. § 1988 to a party who won only nominal damages in a 42 U.S.C. § 1983 action. See id. at 114, 113 S.Ct. 566. The Court denied attorney’s fees to a plaintiff who had sought $17 million from six defendants and, after more than a decade of litigation and two appeals, was awarded damages of only $1.00 from one defendant. See id. Writing for the majority, Justice Thomas observed that Mr. Farrar’s “litigation accomplished little beyond giving [him] ‘the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated’ in some unspecified way.” Id. (citation omitted). He concluded that a plaintiff who seeks compensatory damages but achieves such limited success is often the type of prevailing party who “should receive no attorney’s fees at all.” Id. at 115, 113 S.Ct. 566.
Justice O’Connor’s concurring opinion in Farrar established a three-part analysis “to determine whether a prevailing party achieved enough success to be entitled to an award of attorney’s fees.” Phelps v. Hamilton, 120 F.3d 1126, 1131 (10th Cir.1997) (adopting Justice O’Connor’s framework); see Farrar, 506 U.S. at 121-22, 113 S.Ct. 566 (O’Connor, J., concurring). This framework requires the district court to determine the “relevant indicia of success” by examining: (1) the difference between the judgment recovered and the judgment sought; (2) “the significance of the legal issue on which the plaintiff prevailed”; and (3) “the public purpose served” by the litigation. Farrar, 506 U.S. at 122, 113 S.Ct. 566 (O’Connor, J., concurring); see also Phelps, 120 F.3d at 1131. In light of these considerations, Jus tice O’Connor concluded that, because Mr. Farrar’s case was protracted, demanded $17 million from six defendants, and completely failed to advance any public good, it was “simply not the type of victory that merits an award of attorney’s fees.” Farrar, 506 U.S. at 116, 113 S.Ct. 566 (O’Connor, J., concurring). She therefore agreed with the Court that “the appropriate fee ... [was] no fee at all.” Id. at 122, 113 S.Ct. 566 (O’Connor, J., concurring). Nevertheless, as Justice White, joined by three of his colleagues, noted in Farrar, the Court did not hold that recovery of nominal damages can never support the *1182 award of attorney’s fees. See id. at 124, 113 S.Ct. 666 (White, J., concurring in part and dissenting in part).
Because Justice O’Connor’s framework elaborates on the parameters of a district court’s discretion to award attorney’s fees to a prevailing plaintiff who recovers only nominal damages, we followed those parameters in Phelps. See Phelps, 120 F.3d at 1131. Additionally, in accordance with Justice White’s observation in Fmrar, we emphasized that the application of the O’Connor factors did not undermine the general rule that prevailing parties should recover attorney’s fees “ ‘unless special circumstances would render such an award unjust.’” Id. (quoting Blanchard v. Bergeron, 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).
In this case, the district court applied precisely the analysis we adopted in Phelps. Analyzing the degree of success obtained, the first factor under Farrar, the court found that, despite Plaintiffs limited monetary recovery, her victory was not merely technical or de minimis; instead, the jury’s “verdict vindicated the violation of her civil rights.” Appellant’s App. at 80. The court determined that the difference between the judgment recovered and the recovery sought was significantly distinct from the corresponding difference in Farrar: Plaintiffs claims for damages were not extravagant-she sought only back pay for twenty-one months and $50,000 in non-economic damages-while Mr. Farrar sought damages of $17 million. The court also relied on the fact that, unlike Mr. Farrar’s litigation which was drawn out over ten years and two appeals, Plaintiffs litigation was not protracted.[2] Citing this court’s decision in Koopman v. Water District No. 1, 41 F.3d 1417, 1421 (10th Cir.1994), the court determined that Plaintiffs nominal damage award did not preclude an award of fees.
With respect to the second Farrar factor, the significance of the legal issue on which the plaintiff prevailed, the district court determined that Plaintiff succeeded on her primary claim, sexual harassment. See Appellant’s App. at 81. Therefore, although she lost her retaliation and constructive discharge claims, Plaintiff “succeeded on a ‘significant issue in litigation which achieves some of the benefit [she] sought in bringing suit.’ ” Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).
Finally, in examining the third factor, the public purpose served by the plaintiffs success, the district court weighed whether “the judgment deters future lawless conduct as opposed to merely ‘occupying the time and energy of counsel, court, and client.’ ” Id. (quoting Phelps, 120 F.3d at 1132). The court found that Plaintiff presented “evidence that supervisory personnel in [her] department had little training in how to investigate sexual harassment charges, and ... that, in this case, the department’s policy on sexual harassment was not followed.” Id. at 81-82. Thus, the court found that, “[a]s a result of this case, defendant is on notice that it must educate its employees about sexual harassment in the workplace and must promptly investigate any such claims,” and “the present and future employees of both the Wyandotte County Adult Probation Division, and of the State, benefit by having their rights affirmed.”[3] Id. at 82. In short, the *1183 court found that while Plaintiffs litigation did not achieve significant monetary benefits, it served a larger public purpose. Although Defendant disputes whether such a benefit in fact occurred and argues that any benefit achieved is speculative, “the [district [c]ourt was free, within the bounds of the clearly erroneous standard, to find that the lawsuit did benefit” the employees of Kansas and Wyandotte County. Wilcox v. City of Reno, 42 F.3d 550, 556 (9th Cir.1994). Because we do not have “ ‘a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances,’” Moothart, 21 F.3d at 1504 (citation omitted), we do not reverse the district court’s factual findings.
Additionally, based on our review of the record and precedent, we do not believe that the district court’s legal analysis underlying the award was erroneous. See Roe, 124 F.3d at 1231. The court clearly and carefully applied the rule of Farrar and Justice O’Connor’s three-part analysis which we adopted in Phelps. The court also carefully followed our decision in Koopman in which we held that the district court erred in denying the plaintiffs motion for attorney’s fees because “the present and future employees of the [Water] District benefited] by having their rights affirmed,” even though Mr. Koopman received only a nominal award. Koopman, 41 F.3d at 1421. Unlike Mr. Farrar’s victory, Mr. Koopman’s victory “sen[t] an important message to the [Water] District ... that it must provide its employees with constitutionally adequate pretermination and post-termination hearings.” Id. Although the jury’s verdict in this ease did not order Kansas or Wyandotte County to change its policies, according to Koopman, circuit precedent does not require the judgment to order a policy change. See generally id. Nor does precedent require the legal victory to be novel to constitute a significant degree of success. Cf. Roe, 124 F.3d at 1233 (stating that novelty of issue does not affect availability of fee award); see also Blum v. Stenson, 465 U.S. 886, 898-99, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (indicating that novelty of issue should be reflected in lodestar figure).
Instead, Koopman instructs us that what is controlling is Plaintiffs vindication of her civil rights and of important rights of her coworkers, even if she sought only a modest amount of damages. See Koopman, 41 F.3d at 1421; see also Farrar, 506 U.S. at 122, 113 S.Ct. 566 (O’Connor, J., concurring). Plaintiffs victory put Kansas, or at least Wyan-dotte County, on notice that it should reform its sexual harassment policies and that it is proceeding at its peril if it declines to do so. These results-vindicating rights secured by Title VII and providing a broad constitutional benefit to other employees of Wyandotte County-are in the interests of the public and are exactly what Congress intended to encourage under Title VII. Cf. Gudenkauf v. Stauffer Communications, Inc., 158 F.3d 1074, 1081 (10th Cir.1998) (holding that a verdict for a plaintiff in a mixed-motive case constitutes a victory on a significant legal issue that serves a public purpose, “notwithstanding the fact that a plaintiff recovers no damages”). Moreover, Defendant pointed to no special circumstances that would render this award unjust. Accordingly, the district court’s application of Farrar to award attorney’s fees in this case adheres to Supreme Court and circuit precedent, enforces Congressional intent, and encourages the vindication of civil rights. “It does not appear to us [that] this is the kind of case Farrar was intended to discourage attorneys from taking.” Koopman, 41 F.3d at 1421.
We conclude that the district court appropriately evaluated the reasonableness of a fee award to Plaintiff in light of controlling case law. We also hold that the court did not abuse its discretion in awarding to Plaintiff $41,598.13 in fees and expenses. The district court’s award is AFFIRMED.

. It is not clear whether Defendant challenges the analysis underlying the amount of the fee award. After considering several factors including the lodestar amount, "the competent trial presentation and excellent briefing” of Plaintiff’s attorneys, and "the reasonable amount of time expended and requested by counsel ... in preparing and trying the case,” the court reduced the lodestar amount by ten percent and awarded Plaintiff $40,398.75 in attorney’s fees and $1,199.38 in expenses. Appellant’s App. at 82-83. To the extent that Defendant does challenge the amount of the fee award, we believe that the court’s analysis was proper. Further, because Defendant apparently did not object to Plaintiff’s expenses, see id. at 83, we do not review the amount awarded.

. Plaintiff filed her complaint in September 1996 and her amended complaint in February 1997, and the district court’s order which is the subject of this appeal was filed in September 1997. An additional factor not expressly relied on by the district court distinguishes this case from Farrar: Plaintiff had an enforceable judgment against the sole defendant named in her amended complaint, whereas Mr. Farrar's judgment was enforceable against only one of the six named defendants.

. The court also noted (in a footnote) that, at an informal meeting between jurors and counsel for both parties immediately following the verdict, "jurors gave the State of Kansas a loud and clear message that it had failed to properly train and educate the chain of command in the Wyan-dotte County courthouse about how to prevent sexual harassment and how to process sexual harassment grievances.” Appellant’s App. at 82 n. 3. We do not believe that this off-the-record conversation between jurors and counsel is definitive or necessary to support the court’s factual finding that Plaintiff’s litigation served a public purpose. Nonetheless, we note that the court’s factual finding that Defendant’s failure to instruct the chain of command about sexual harassment prevention and grievance procedures was communicated to the State of Kansas is not clearly erroneous because it is supported by evidence presented by Plaintiff at trial.