UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH H. NORWOOD, individually
and as representative of a class of
citizens,
Plaintiff-Appellee,

v.

W. C. BAIN, JR., individually and in
his official capacity as Director of
Public Safety for the City of
Spartanburg Police Department;
CITY OF SPARTANBURG,
Defendants-Appellants.

No. 99-2282

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CA-95-1016-7-3)

Argued: May 2, 2000

Decided: June 8, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
Frank W. BULLOCK, Jr., United States District Judge
for the Middle District of North Carolina,
sitting by designation.

_____

Affirmed in part and reversed in part by unpublished per curiam opin-
ion.

_____

**COUNSEL**

**ARGUED:** Andrew Frederick Lindemann, DAVIDSON, MORRISON & LINDEMANN, P.A., Columbia, South Carolina, for Appellants. W. Gaston Fairey, FAIREY, PARISE & MILLS, P.A., Columbia, South Carolina, for Appellee. **ON BRIEF:** William H. Davidson, II, James M. Davis, Jr., DAVIDSON, MORRISON & LINDEMANN, P.A., Columbia, South Carolina, for Appellants. Suzanne E. Coe, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

W. C. Bain, Jr., former Chief of the Spartanburg, South Carolina Police Department, and the City of Spartanburg (collectively, "Appellants") appeal an order of the district court awarding costs and attorneys' fees to Joseph H. Norwood. Because we conclude that Norwood's success in the underlying action was de minimis, we reverse the award of attorneys' fees.

I.

This action arises from warrantless searches conducted by Spartanburg police officers of Norwood and others as they entered a motorcycle rally at the Spartanburg County Fairgrounds in September 1994. Responding to reports indicating that there would likely be violence at the rally, Chief Bain set up checkpoints at the entrance to the fairgrounds. Persons wishing to enter the fairgrounds with their motorcycles were stopped, their driver's licenses were examined and videotaped, and their saddlebags, compartments in their motorcycles, and their unworn clothing were searched for weapons. The officers did not conduct searches of the riders themselves or the clothes they

2

were wearing. Norwood filed this lawsuit pursuant to 42 U.S.C.A. §§ 1983, 1985 (West 1994 & Supp. 1999) on behalf of himself and as representative of a class, alleging that stopping and videotaping class members at the checkpoint constituted an illegal seizure and that the warrantless searches of their saddlebags, motorcycle compartments, and unworn clothing violated the Fourth Amendment. Additionally, Norwood alleged that the search and seizure infringed on the speech and associational rights of class members. Norwood sought compensatory and punitive damages as well as injunctive and declaratory relief. Specifically, the complaint requested "a declaration ... that [Appellants'] conduct violated the Plaintiffs' First and Fourth Amendment rights, and an order permanently enjoining [Appellants] from engaging in this or similar conduct in the future." J.A. 20.

Prior to trial, the district court denied Chief Bain's motion for summary judgment on the basis of qualified immunity as to the Fourth Amendment claim. During the trial, the court directed a verdict against Norwood on the First Amendment claim and on the claim for punitive damages. After the jury was unable to reach a verdict, the parties agreed to allow the district court to decide the case based on the evidentiary record presented. The district court concluded that the initial seizure of class members at the checkpoint, where they and their driver's licenses were videotaped, was reasonable and thus did not violate the Fourth Amendment. The court further determined that the searches of the saddlebags, compartments, and unworn clothing were unreasonable in light of the lack of individualized suspicion. Finding insufficient evidence of compensatory damages, however, the court declined to award any monetary relief, including nominal damages, for that violation. The court also denied injunctive relief because "Bain is no longer the Chief of the Spartanburg Department of Public Safety. Similarly, the particular facts presented here make a repeat of this situation highly unlikely." Id. at 123. Norwood appealed the ruling on the seizure claim and the failure to award damages but did not appeal the dismissal of the First Amendment claim or the denial of injunctive relief. Appellants cross-appealed the ruling on the Fourth Amendment search claim and the denial of qualified immunity to Chief Bain. A divided panel of this court affirmed the district court on its qualified immunity ruling and the search and seizure issues but held that Norwood was entitled to nominal damages in an amount not to exceed one dollar. See Norwood v. Bain, 143 F.3d 843 (4th Cir.

3

1998). This decision subsequently was vacated and the case was reheard en banc. The en banc court unanimously affirmed the legality of the seizure and the denial of compensatory and punitive damages. See Norwood v. Bain, 166 F.3d 243, 245 (4th Cir. 1999) (en banc) (per curiam). The conclusions of the district court that the searches violated the Fourth Amendment and that Chief Bain was not entitled to qualified immunity were affirmed by an equally divided court. See id. In light of this result, a majority of the court voted to reverse the denial of nominal damages. See id.

Norwood thereafter moved for an award of costs and attorneys' fees pursuant to 42 U.S.C.A. § 1988(b) (West Supp. 1999). The district court granted the motion and awarded $12,801.62 in costs and $86,813.25 in fees. Appellants appeal this award. [1]

II.

Congress has authorized an award of attorneys' fees in certain civil rights actions in 42 U.S.C.A. § 1988, which provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988(b) (footnote omitted). Appellants do not dispute that Norwood was a "prevailing party." Rather, they argue that under Farrar v. Hobby, 506 U.S. 103 (1992), the only reasonable fee in this case is no fee.

---

[1] Appellants appear to believe that § 1988(b) authorizes an award of costs as well as attorneys' fees. This belief is mistaken. With certain exceptions, costs are awarded as a matter of course to a prevailing party. See Fed. R. Civ. P. 54(d)(1) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...."). Section 1988(b) authorizes an award of "a reasonable attorney's fee as part of the costs" in certain actions, with certain exceptions. 42 U.S.C.A. § 1988(b) (emphasis added). Because Appellants argue only that the award pursuant to § 1988(b) was unreasonable, we construe their allegation of error as a challenge to the award of attorneys' fees only. Accordingly, the award of costs is not affected by our reversal of the award of attorneys' fees.

4

We review an award of attorneys' fees by the district court for abuse of discretion. See McDonnell v. Miller Oil Co. , 134 F.3d 638, 640 (4th Cir. 1998).

In Farrar, the Supreme Court addressed the reasonableness of an award of attorneys' fees pursuant to 42 U.S.C.A.§ 1988(b) in a case where the plaintiffs sought $17 million in compensatory damages and received only one dollar in nominal damages.**2** The Court held that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Farrar, 506 U.S. at 115 (citation omitted) (emphasis added). This is because "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained," id. at 114 (internal quotation marks omitted), and when the recovery of monetary damages is the purpose of the suit, a plaintiff who receives only nominal damages has succeeded in only a technical sense. See id. at 114-16.

The Farrar majority did not discuss the circumstances that might give rise to the unusual case in which a plaintiff seeking monetary relief but receiving only nominal damages would nonetheless be entitled to attorneys' fees. Justice O'Connor, writing only for herself, identified two other factors, in addition to the difference between the damages sought and the amount recovered, that she would consider in determining the degree of a plaintiff's success:"the significance of the legal issue on which the plaintiff claims to have prevailed" and whether the plaintiff's success "also accomplished some public goal other than occupying the time and energy of counsel, court, and client." Id. at 121-22 (O'Connor, J., concurring); see Brandau v. Kansas, 168 F.3d 1179, 1181-83 (10th Cir.) (applying the factors identified by Justice O'Connor to determine whether a plaintiff who received only nominal damages was entitled to a fee award), cert. denied, 526 U.S. 1133 (1999); Briggs v. Marshall, 93 F.3d 355, 361 (7th Cir. 1996) (same).

_____

**2** Although the original complaint requested injunctive relief, that claim was dropped in a later amendment to the complaint. See Farrar, 506 U.S. at 106.

5

We have rejected the argument that Farrar mandates that a plaintiff who receives only nominal damages necessarily is entitled to no fee award. See Clark v. Sims, 28 F.3d 420, 424-25 (4th Cir. 1994) (directing the district court on remand to award fees based on the plaintiffs' degree of success); see also Carter v. Burch, 34 F.3d 257, 266 (4th Cir. 1994) (affirming the denial of fees to a plaintiff who received only nominal damages because "[h]ere, as in Farrar, [the plaintiff's] case involved no broad civil rights issues"). Rather, we understand Farrar as instructing that "considerations of proportionality" should guide district courts in exercising their discretion in awarding attorneys' fees. Sheppard v. Riverview Nursing Ctr., Inc., 88 F.3d 1332, 1335 (4th Cir. 1996). Recognizing that a plaintiff in a civil rights case might seek more than monetary damages, we have stated that:

> In appropriate cases, ... courts should consider the reasons why injunctive relief was or was not granted, or the extent and nature of any declaratory relief. Moreover, Farrar's concern was not only with whether the extent of recovery accords with the amount of attorney's fees. The decision suggested a more general proportionality consideration as well: whether the public purposes served by resolving the dispute justifies the recovery of fees.

Id. at 1336 (citing Farrar, 506 U.S. at 121-22 (O'Connor, J., concurring)); see LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998) (stating that "where both monetary and equitable relief have been pursued, the size of the monetary recovery is not necessarily the proper measure of the plaintiff's success"). Nevertheless, we have cautioned the lower courts that in measuring the degree of a plaintiff's success, "only those changes in a defendant's conduct which are mandated by a judgment, consent decree, or settlement in the case at bar may be considered." Clark, 28 F.3d at 425. When injunctive relief is sought and denied, "there is even less occasion to permit a change in conduct to serve as the basis for a fee award under § 1988." Id.

Here, Norwood failed to obtain all the relief that the class had sought. Norwood sought compensatory and punitive damages but received only one dollar in nominal damages. Additionally, Norwood sought an injunction, which was denied. Finally, the complaint

6

alleged violations of class members' First and Fourth Amendment rights and sought a declaration to that effect. Norwood obtained only a declaration by the district court that class members' Fourth Amendment rights had been violated, and then only as to part of the challenged conduct.

Despite Norwood's apparently limited success, the district court awarded substantial attorneys' fees on two bases. First, the court concluded that "[a]lthough Plaintiffs' ultimate damage award of one dollar is less than their demand at trial, obtaining a judgment declaring that a constitutional violation occurred is significant, and the litigation served a valid public purpose." J.A. 376. That public purpose, according to the district court, was "clarifying whether or not and to what extent the administrative search doctrine applied to private gatherings." Id. at 379. The court also noted that nonmonetary success was "one of the primary goals of the lawsuit" and that "[l]aw enforcement has been put on notice that the Constitution does not permit warrantless searches at events such as the ... rally that was the subject of this lawsuit." Id. at 377. We conclude that neither of these bases justifies an award of fees.

The district court erred in determining that its declaration clarified the application of the administrative search doctrine. Although the court concluded that the warrantless searches of class members' belongings violated the Fourth Amendment, it devoted only two paragraphs of its memorandum to the legality of the search and did not discuss the administrative search doctrine at all. Additionally, because the legality of the search was affirmed by an equally divided vote of this court, we have expressed no opinion on this issue.

The district court also erred in determining that its declaration served the public purpose of putting law enforcement on notice regarding the legality of searches such as those at issue here. In denying Chief Bain qualified immunity, the district court necessarily determined that in September 1994 the searches "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). On the reasoning of the district court, then, law enforcement was already aware that the challenged conduct was unconstitutional.

7

Norwood attempts to avoid the fate of the Farrars by arguing that this is a class action lawsuit brought to challenge a policy or de facto practice of a city[3] rather than the discretionary conduct of one or more officers. Norwood contends that while the Farrars brought their action to redress private economic wrongs, he acted in the role of a "private attorney general" to pursue "the vindication of important rights," Farrar, 506 U.S. at 122 (O'Connor, J., concurring). The class here was successful in obtaining a declaration that the warrantless searches violated the Fourth Amendment and, Norwood argues, this declaration served the important public purpose of deterring Spartanburg and other jurisdictions from committing similar violations in the future.

The district court, however, denied Norwood's request for injunctive relief because the court did not believe the situation was likely to arise again. The declaration evidently will not have a significant deterrent effect in Spartanburg. Norwood asserts nonetheless that the declaratory relief obtained by the class has an even greater public value than the injunction would have had, because the declaration is likely to affect law enforcement decisions outside of Spartanburg. As we explained above, however, the mere declaration by the district court that the rights of class members were violated did not clarify the law, and the declaration is thus not likely to have a significant effect on law enforcement.

In sum, we conclude that an award of attorneys' fees was not justified on either basis identified by the district court. Nothing else augments Norwood's limited monetary recovery, and so the conclusion that the class achieved a significant degree of success is unjustified. See Pino v. Locascio, 101 F.3d 235, 239 (2d Cir. 1996) (observing that "[t]he vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief"); see also Brandau, 168 F.3d at 1184 (Baldock, J., dissenting) ("Where a jury awards a prevailing party nominal damages and nothing more, an award of attorney's fees is the exception, not the general rule.").

_____

[3] The district court found that Chief Bain was the official policymaker for the City in organizing the checkpoint and conducting the searches, and this ruling was not appealed.

8

III.

Because Norwood received only nominal damages, his request for an injunction was denied, and the potential impact on the public of the declaratory relief is limited, we conclude that Norwood's success here was minimal and that the district court abused its discretion in awarding attorneys' fees. Accordingly, we affirm the order insofar as it awards costs and reverse insofar as it awards attorneys' fees.

<u>AFFIRMED IN PART AND REVERSED IN PART</u>

9