**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DENNIS DILL,

      Plaintiff-Appellant,

v.

CITY OF EDMOND; TERRY
GREGG, in his official and individual
capacities; BILL VETTER, in his
individual capacity; DAVID
PRESTON, in his official and
individual capacities; BEN DAVES,
in his official and individual
capacities,

      Defendants-Appellees.

No. 02-6092
(D.C. No. 95-CV-95-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL** , **BARRETT** , and **O'BRIEN** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Dennis Dill appeals from the district court's awards of attorney's fees and costs and its ruling concerning postjudgment interest.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part and reverse in part.

I.

In January 1995, Dill, a police officer employed by the City of Edmond, Oklahoma (the City), filed a complaint under 42 U.S.C. § 1983 against the City, Terry Gregg, his immediate supervisor, and Bill Vetter, the chief of police, alleging they had violated his First Amendment free speech and Fourteenth Amendment procedural due process rights when they transferred him from detective to patrol officer.  Dill also brought several pendent state-law claims.  Subsequently, Dill filed an amended complaint adding a procedural due process claim and state-law claims against David Preston, the deputy police chief, and Ben Daves, a captain in the patrol division.

The district court dismissed Dill's First Amendment claim for failure to state a claim.  The court then conducted two separate trials regarding Dill's remaining claims: a bench trial on Dill's claims against the City, Vetter, and Gregg, and a jury trial on Dill's claims against Preston and Daves.  At the close

of Dill's case in the jury trial, the court granted Preston's and Daves' motions for judgment as a matter of law. With respect to the bench trial, the court:
(1) entered judgment in favor of Dill and against the City and Vetter on Dill's procedural due process claim, and awarded Dill nominal damages of one dollar; (2) entered judgment in favor of Dill and against the City on Dill's breach of contract claim, and awarded Dill nominal damages of one dollar; (3) entered judgment in favor of Gregg, Preston, and Daves and against Dill on Dill's procedural due process claim; and (4) entered judgment in favor of defendants and against Dill on all of Dill's remaining state-law claims.

In a previous appeal, this court: (1) concluded that Dill had stated a First Amendment claim against the City, Vetter, and Gregg, and therefore reversed the dismissal of Dill's First Amendment claim; (2) concluded that Dill was entitled to an award of compensatory damages on his procedural due process and breach of contract claims, and therefore reversed the nominal damages awards; (3) concluded that the district court properly determined that Dill was not entitled to recover damages for emotional distress or punitive damages; (4) concluded that Vetter was entitled to qualified immunity on Dill's procedural due process claim, and therefore reversed the judgment entered in favor of Dill and against Vetter on the claim; and (5) affirmed the judgments entered in favor of Preston and Daves and against Dill on the procedural due process claim. *See Dill v. City of Edmond*,

155 F.3d 1193, 1201-12 (10th Cir. 1998). In a separate appeal, we also vacated the district court's initial awards of attorney's fees to Dill and Gregg in light of our rulings concerning Dill's substantive claims. *See Dill v. City of Edmond*, Nos. 98-6162 & 98-6186, 1998 WL 740962, at **3 (10th Cir. Oct. 23, 1998) (unpublished).

On remand, the district court granted Gregg summary judgment on Dill's First Amendment claim. The court then conducted a limited bench trial on Dill's First Amendment claim against Vetter and the City. The court concluded that Dill's speech was not a substantial or motivating factor in Vetter's decision to transfer him to patrol officer, and the court therefore entered judgment in favor of Vetter and the City and against Dill on the First Amendment claim. As part of the remand proceedings, the court also awarded Dill $2,000 in compensatory damages on his procedural due process claim, and the court entered judgment in favor of Dill and against the City for that amount.

Dill and Gregg then moved for awards of attorney's fees under 42 U.S.C. § 1988(b). In addition, Dill moved for a determination that he was entitled to postjudgment interest from the date the district court originally awarded him fees, and the City moved for an award of costs under Fed. R. Civ. P. 54(d)(1). The district court resolved these matters as follows: (1) with respect to Dill's procedural due process claim, the court denied Dill's request for additional

attorney's fees above the amount it originally awarded him, but the court reinstated its original fee award in favor of Dill and against the City in the amount of $23,500; (2) with respect to Dill's First Amendment claim against Gregg, the court concluded that the claim was frivolous, and the court entered judgment in favor of Gregg and against Dill for $9,650 in attorney's fees; (3) the court determined that postjudgment interest should accrue on the judgments awarding attorney's fees from January 11, 2002–the date the court initially entered judgment on the post-remand applications for attorney's fees; and (4) with respect to Dill's First Amendment claim against the City, the court concluded that the court clerk had properly taxed $2,298.93 in costs in favor of the City.

## II.

Dill contends the district court committed four errors during the remand proceedings. First, Dill claims the court erred in awarding him an amount of attorney's fees that was less than twenty percent of a full lodestar recovery. Second, Dill claims the court erred in determining that his First Amendment claim was frivolous as to Gregg. Third, Dill claims the court erred in failing to award him postjudgment interest on his judgment against the City from February 18, 1998. Finally, Dill claims the court erred in awarding the City certain items of costs.

1. Award of Attorney's Fees to Dill

Based on the fact that he recovered nominal damages on his procedural due process claim during the first round of litigation before the district court, Dill initially requested an award of approximately $130,000 in attorney's fees as the prevailing party on the claim. In analyzing his request, the district court acknowledged that, "while he personally may have recovered little, a greater interest was served because [Dill's] victory sends a message that important due process rights cannot be ignored." Aplt. App. at 239. But the court also noted that Dill's "meritorious claims were but one small part of a much larger crusade against defendants." *Id.* As a result, the court concluded that Dill's fee request had to be significantly reduced "based on the fact that [Dill's] ultimate success was modest in comparison with his larger pursuit for damages against the defendants." *Id.* at 241. The court further determined that additional reductions were required because Dill's counsel had spent an excessive amount of time pursuing irrelevant matters and the hourly rates charged by his counsel were excessive. Based on these reductions, the court made an across-the-board reduction to Dill's fee request in the approximate amount of eighty percent and determined that he was only entitled to recover $23,500 in attorney's fees.

After we remanded Dill's claim for compensatory damages back to the district court and the court entered judgment against the City for $2,000 on Dill's

procedural due process claim, Dill submitted a second request for attorney's fees

to the district court, arguing that he was entitled to a fee award in excess of

$160,000 for all of the work his attorneys performed on the case, both before and

after the appeals to this court.  The district court rejected Dill's request and

refused to award Dill any attorney's fees above its initial award of $23,500.

"The Civil Rights Attorney's Fees Awards Act allows a prevailing party in

a civil rights case . . . to seek reimbursement for his attorney's fees, to the extent

the fees are reasonable."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th

Cir. 1998) (citing 42 U.S.C. § 1988(b)).  We accord great weight to a district

court's calculation of attorney's fees, *Sussman v. Patterson*, 108 F.3d 1206, 1209

(10th Cir. 1997), and we review the amount of an award of attorney's fees only

for an abuse of discretion, *Robinson*, 160 F.3d at 1280.

The only question here is whether the amount of attorney's fees requested

by Dill was reasonable.

> To determine the reasonableness of a fee request, a court must begin
> by calculating the so-called "lodestar amount" of a fee, and a
> claimant is entitled to the presumption that this lodestar amount
> reflects a "reasonable" fee.  The lodestar calculation is the product
> of the number of attorney hours "reasonably expended" and a
> "reasonable hourly rate."

*Id.* at 1281 (citations omitted).  The reasonableness determination ultimately turns

on whether the work performed by the attorney was necessary under the

circumstances.  *Id.*  "The prevailing party must make a good-faith effort to

exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* (quotation omitted).

In addition, "[t]here is no doubt that a district court may reduce a lodestar calculation on the grounds that a prevailing [plaintiff] has achieved only partial success." *Id.* at 1283. But the evaluation of a plaintiff's overall success involves more than a mere tallying of the wins and loses incurred by the plaintiff. Instead, the district court must make a qualitative assessment of the relative importance of the plaintiff's successes and failures. *Jane L. v. Bangerter*, 61 F.3d 1505, 1511 (10th Cir. 1995). Thus, the critical factor is whether the plaintiff achieved the principal goals of the lawsuit, *see Robinson*, 160 F.3d at 1283-84, and the fact that a plaintiff failed "on some interrelated claims is not nearly as important a factor as the 'overall relief' obtained by the plaintiff," *id.* at 1283. Conversely, if a plaintiff does not achieve the principal goals of the lawsuit, "[t]here is no doubt that . . . a fee request may be reduced when some of a plaintiff's interrelated claims are unsuccessful." *Id.*

Dill is not challenging the district court's reductions to his fee request for unnecessary work and excessive hourly rates, and he has therefore waived any objections to those reductions. Further, although Dill's claims were to a large degree related, and while he vindicated an important constitutional right with respect to his procedural due process claim, *see Koopman v. Water Dist. No. 1 of*

*Johnson County, Kan.*, 41 F.3d 1417, 1421 (10th Cir. 1994) (holding that public employee's victory on procedural due process claim "had significant implications in establishing basic rights for public employees holding a similar property interest"), Dill's overall success was quite limited. He failed on his First Amendment claim versus all of the defendants; he failed on his procedural due process claim versus all of the defendants except for the City; he failed on his state-law claims except for the breach of contract claim against the City; and he failed to recover any damages above his compensatory damages. Thus, this is not a case where it can be said that Dill achieved the principal goals of his lawsuit. Accordingly, we hold that the district court did not abuse its discretion in awarding Dill only $23,500 in attorney's fees.

2. Award of Attorney's Fees to Gregg

"A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Jane L.*, 61 F.3d at 1513 (quotation omitted). The district court did not abuse its discretion in concluding that Dill's First Amendment retaliatory transfer claim was frivolous as to Gregg. In its initial findings of fact following the first two trials in this case, the court found that "Gregg played no role in [Dill's] transfer from detective to patrol officer." Aplt. App. at 323. Subsequently, after we remanded the case to the district court for further proceedings, Dill again failed to

put forth any evidence linking Gregg to the transfer. Instead, Dill informed the court that Gregg was entitled to summary judgment on the First Amendment claim if it was limited to his transfer to patrol officer. *See id*. at 185. As a result, after the court refused to allow Dill to expand his theory of liability on his First Amendment claim beyond the retaliatory transfer issue, it granted Gregg summary judgment on the claim. *See id.* at 161-62.

Dill claims that, during the limited period of discovery on remand, he discovered evidence showing that his investigative assignments had been restricted in retaliation for his exercising his First Amendment rights, and that Gregg was involved in the retaliation. Based on this evidence, Dill claims his First Amendment claim was not frivolous as to Gregg. This argument is without merit, however, because the district court refused to permit Dill to expand the scope of his First Amendment claim to include this post-remand theory of liability, and the court's refusal to expand the scope of the remand proceedings is not at issue in this appeal. Consequently, the only issue before us is whether the court abused its discretion in determining that Dill's retaliatory transfer claim was frivolous as to Gregg. We hold that it did not since Dill failed to put forth any evidence linking Gregg to the transfer. [1]

---

[1] Dill also claims the district court improperly awarded Gregg attorney's fees for work his attorney performed on a separate lawsuit. We disagree. The district

(continued...)

### 3. Postjudgment Interest

In the prior appeal regarding the district court's initial awards of attorney's fees, we vacated the court's original judgment awarding attorney's fees to Dill and remanded the issue of Dill's attorney's fees so that the court could reconsider the amount of attorney's fees to award Dill in light of our substantive rulings on appeal and in light of Dill's successes or failures on his claims on remand. *See Dill*, 1998 WL 740962, at **3. However, we did not disturb the court's determination that the City was liable to Dill on his procedural due process claim, and Dill's status as a prevailing party vis-a-vis the City on his procedural due process claim was not affected by our remand. As a result, Dill is entitled to postjudgment interest on his judgment against the City from February 18, 1998–the date when the district court entered its first judgment awarding him attorney's fees. *See Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 759-60 (10th Cir. 1999) (holding that, when judgment awarding attorney's fees is vacated on appeal due to errors in the amount of the fee award, and not because of any underlying liability errors, and a subsequent judgment awarding fees is entered on remand, postjudgment interest accrues from the date of the original judgment).

---

[1](...continued)
court only awarded attorney's fees to Gregg for the work performed by his counsel during the time period from this court's remand to the entry of summary judgment in favor of Gregg, and Dill has failed to put forth any meritorious objections to the fees charged by Gregg's counsel during that time period.

4.  Award of Costs to the City

The City was a prevailing party on Dill's First Amendment claim, and Dill challenges the following costs that were awarded to the City: (1) the $1,516 the City paid to obtain a trial transcript in December 1996; and (2) the $210 in filing fees the City paid to prosecute its cross-appeals concerning Dill's substantive claims and the district court's initial fee awards.  We agree with Dill that the City did not incur these costs as part of its defense of the First Amendment claim during the remand proceedings.  Accordingly, the district court abused its discretion in awarding these items of costs to the City.

The judgments of the district court are AFFIRMED in part and REVERSED in part, and we remand this matter to the district court with instructions for the court to: (1) enter an amended judgment awarding Dill postjudgment interest on his judgment against the City from February 18, 1998; and (2) enter an amended award of costs in favor of the City in accordance with this order and judgment.

Entered for the Court


Terrence L. O'Brien
Circuit Judge