**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY BELL,

       Plaintiff-Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS OF JEFFERSON
COUNTY,

       Defendant-Appellee.

No. 05-3224

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 03-CV-2148-KHV)**

Submitted on the briefs:[*]

Alan V. Johnson, Stephen D. Lanterman, Sloan, Eisenbarth, Glassman, McEntire
& Jarboe, L.L.C., Topeka, Kansas, for the Plaintiff-Appellant.

Wendell F. Cowan, Tim J. Riemann, Shook, Hardy & Bacon L.L.P., Overland
Park, Kansas for the Defendant-Appellee.

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

---

[*]    At the parties' request, the case is unanimously ordered submitted without
oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

**LUCERO**, Circuit Judge.

Terry Bell appeals two district court orders that resulted in a limited award of attorney fees to him under 42 U.S.C. § 1988. In the first order, the court awarded Bell reduced attorneys' fees reflecting the limited success of his claims against Jefferson County. In the second order, the court denied his post-judgment motion to reconsider the award based on the parties' settlement of his appeal on the merits in the interim. We **AFFIRM** the district court's decision regarding the initial award because the court properly exercised its discretion. Although the district court erred in its analysis of the motion to reconsider, we nonetheless **AFFIRM** the district court's denial of that motion because Bell entered into a private settlement without any judicial involvement and, as such, was not a prevailing party.

**I**

Bell filed suit under 42 U.S.C. § 1983, challenging the substantive and procedural grounds for the termination of his employment with Jefferson County, Kansas. He alleges that the County terminated him in retaliation for exercising his First Amendment rights to publicly criticize various County practices. He further claims that, because the county fired him without holding a pre-termination hearing and only held an inadequate post-termination hearing, the County deprived him of his property interest in continued employment and his

liberty interest in his good name and reputation in violation of the Due Process Clause of the Fourteenth Amendment. Bell sought reinstatement and total damages in excess of $1.4 million.

At the conclusion of trial, the jury found against Bell on his First Amendment retaliation claim but in his favor on the Due Process claims. Finding that the county would not have made false statements in his termination letter had he been given a hearing to clear his name, and that the county published the statements by placing the letter in his personnel file, the jury awarded Bell $90,000 on his liberty interest claim. The jury awarded him no damages on the property interest claim, however, finding that he would have been terminated regardless of the process afforded.[1] Bell moved for attorneys' fees under § 1988, and both parties filed motions challenging substantive aspects of the judgment. Ultimately, the district court vacated the $90,000 judgment for Bell, holding that placement of the termination letter in Bell's personnel file did not amount to an actionable publication absent proof of subsequent dissemination. Because Bell's motion for attorneys' fees was based on his then-vitiated success at trial, the court denied this motion as moot.

Bell appealed and, while his appeal was pending, he submitted to the district court a second motion for attorneys' fees, arguing that he was still a

---

[1] Apparently, the infelicitous wording of an instruction on nominal damages inadvertently led the jury to believe that its award of compensatory damages on another claim precluded a nominal damage award on the liberty interest claim.

- 3 -

prevailing party by virtue of the undisturbed determination that the county had violated his due process rights by depriving him of a property interest in his continued employment.[2] The district court agreed, but reduced the fee award to ten percent of the "lodestar" figure to reflect Bell's limited success in the case. The lodestar amount is the product of the reasonable hours worked on the case multiplied by a reasonable hourly rate.[3] Carter v. Sedwick County, 36 F.3d 952, 956 (10th Cir. 1994). Ten days later, Bell filed a motion under Fed. R. Civ. Proc. 59(e) to reconsider the fee award in light of the fact that, in the interim, he had secured a money settlement from the County. In that settlement, Bell agreed to

---

2    "[Q]uestion[s] of attorney's fees and costs are collateral to and separate from a decision on the merits." Utah Women's Clinic, Inc. v. Leavitt, 75 F.3d 564, 567 (10th Cir. 1995); see, e.g., Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988) (holding that unresolved issue of attorneys' fees does not prevent judgment on merits from being final). If fees are sought in the district court on the basis of a judgment that has been appealed, the court of appeals and district court each have jurisdiction over the distinct matters before them. See, e.g., Allison v. Bank One-Denver, 289 F.3d 1223, 1242-43 (10th Cir. 2002) ("a pending application before the district court regarding attorney's fees does not affect the finality of the decision on the merits" for purposes of appellate jurisdiction); City of Chanute v. Williams Natural Gas Co., 955 F.2d 641, 658 (10th Cir. 1992) ("the district court retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending"), overruled on other grounds, Systemcare, Inc. v. Wang Labs. Corp., 117 F.3d 1137 (10th Cir. 1997). Thus, after Bell re-filed his motion for fees, now based on the amended judgment he had appealed, the district court retained jurisdiction to consider the fee motion while his appeal from that judgment was pending.

3    Section 1988 gives a court discretion to award the prevailing party "reasonable attorney's fees." § 1988(b). Courts determine what is a reasonable fee by first figuring a "lodestar" amount and then adjusting that figure based on facts specific to the case. Blum v. Stenson, 465 U.S. 886, 888 (1984).

withdraw his appeal of the order vacating the $90,000 judgment. In his Rule 59(e) motion, he argued that the settlement should alter the court's assessment of his relative success in the suit.[4] The district court denied the motion, holding that the settlement could not be considered because it "came into existence after the parties briefed the motion for attorney's fees." Bell then brought this appeal, asserting that the district court erred in denying his motion to reconsider the fee award and in limiting the award in the first instance.

## II

We first address Bell's argument that the district court erred in denying his motion to reconsider its award of attorneys' fees. We review the district court's decision for an abuse of discretion. Jennings v. Rivers, 394 F.3d 850, 854 (10th Cir. 2005). The district court wrongly determined that it could not consider evidence of a settlement agreement in its motion to reconsider. However, because there was no judicial involvement in approving the settlement agreement, Bell may not be considered a prevailing party. Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Services, 532 U.S. 598, 602-604 (2001). For that reason, we affirm the district court's denial of Bell's motion to reconsider.

---

4    The settlement also disposed of a second action by Bell asserting different theories of recovery based on the same underlying facts.

By categorically denying the relevance of events occurring after an initial fee award, the district court essentially held that post-judgment alterations in a plaintiff's relative success as a result of an appeal cannot justify reconsideration of a fee award. This reasoning conflicts directly with a multitude of cases holding that fee awards should be reconsidered when the overall success of the prevailing party has been altered on appeal. See, e.g., Searles v. Van Bebber, 251 F.3d 869, 881 (10th Cir. 2001); N. Tex. Prod. Credit Ass'n v. McCurtain County Nat'l Bank, 222 F.3d 800, 819 (10th Cir. 2000); Jane L. v. Bangerter, 61 F.3d 1505, 1517 (10th Cir. 1995); Mann v. Reynolds, 46 F.3d 1055, 1063 (10th Cir. 1995); Durant v. Indep. Sch. Dist. No. 16, 990 F.2d 560, 566 (10th Cir. 1993); Denver & Rio Grande W. R. Co. v. Blackett, 538 F.2d 291, 294-95 (10th Cir. 1976). While the operative event here was a settlement rather than an appellate reversal, our case law is well-established that a party may prevail through settlement as well as through a merits ruling. See, e.g., Sinajini v. Bd. of Educ., 233 F.3d 1236, 1240 (10th Cir. 2000) (following Maher v. Gagne, 448 U.S. 122, 129 (1980)); Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1194 (10th Cir. 1998) (following Farrar v. Hobby, 506 U.S. 103, 111 (1992)).

Moreover, the district court erred by invoking a procedural constraint to ignore post-judgment changes in the parties' comparative success. The lower court held that such changes could not qualify as newly discovered evidence cognizable under Rule 59(e) because only matters existing at the time of the prior

ruling may be considered. This holding is contrary to our case law addressing the Rule 59(e) inquiry. Rule 59(e) motions may be based either on (1) evidence arising after the initial ruling (in which event the party's diligence in seeking the evidence is obviously not a consideration) or (2) evidence available but not discovered at the time of the initial ruling (in which event the moving party must show it diligently sought the evidence earlier). See Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994); Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992). A settlement agreed to on appeal is obviously evidence not available at the time of the initial ruling.

The district court's rationale for denying Bell's motion for reconsideration is thus inconsistent with our prior rulings. However, its decision was correct.[5] In Buckhannon, the Supreme Court held that a party is a prevailing party for the purpose of awarding attorneys' fees under § 1988 only if he has obtained a judgment on the merits, a consent decree, or some other settlement materially altering the legal relationship of the parties. Buckhannon, 532 U.S. at 602-604. Emphasizing the need for a "judicial imprimatur" on the changed relationship of the parties, the Court concluded that private settlement agreements did not justify an award of attorneys' fees because they "do not entail the judicial approval and

---

[5] "We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

oversight involved in consent decrees[, a]nd federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated in the order of dismissal." Id. at 604, 604 n.7. See also Doe v. Boston Pub. Sch., 358 F.3d 20, 25 (1st Cir. 2004) (collecting cases acknowledging that Buckhannon precludes fee awards on the basis of purely private settlements).

Most circuits recognize "that some settlement agreements, even though not explicitly labeled as a 'consent decree' may confer 'prevailing party' status, if they are sufficiently analogous to a consent decree." T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469, 479 (7th Cir. 2003); see Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1025-26 (Fed. Cir. 2005); Roberson v. Giuliani, 346 F.3d 75, 81 (2d Cir. 2003); Truesdell v. Philadelphia Hous. Auth., 290 F.3d 159, 165 (3d Cir. 2002); Smyth v. Rivero, 282 F.3d 268, 281 (4th Cir. 2002); Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1319 (11th Cir. 2002); Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 458-59 (D.C. Cir. 2002).[6] A court's "[m]ere involvement in the settlement, however, is not enough. There must be some official judicial approval of the settlement and some level of continuing judicial oversight." LaGrange Sch. Dist. No. 102, 349 F.3d at 479.

---

[6] We note that the Eighth Circuit has, in contrast, read Buckhannon quite literally to limit the extension of prevailing party status strictly to those who have "receive[d] either an enforceable judgment on the merits or a consent decree." Christina A. v. Bloomberg, 315 F.3d 990, 993 (8th Cir. 2003).

See also <u>Toms v. Taft</u>, 338 F.3d 519, 528-29 (6th Cir. 2003); <u>Smith v. Fitchburg Pub. Sch.</u>, 401 F.3d 16, 24 (1st Cir. 2005).

Hence, if a court does not incorporate a private settlement into an order, does not sign or otherwise provide written approval of the settlement's terms, and does not retain jurisdiction to enforce performance of the obligations assumed by the settling parties, the settlement "does not bear any of the marks of a consent decree" and does not confer prevailing party status on the party whose claims have been compromised. <u>See</u> <u>LaGrange Sch. Dist. No. 102</u>, 349 F.3d at 479; <u>see also</u> <u>Smyth</u>, 282 F.3d at 285; <u>cf.</u> <u>Smallbein ex rel. Smallbein v. City of Daytona Beach</u>, 353 F.3d 901, 905-06 (11th Cir. 2003) (permitting fee award where settlement "was incorporated by reference into the order of dismissal <u>and</u> the court retained jurisdiction to enforce [its] terms"). A fee award cannot be based on an order that "merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a dispute before it." <u>Smith</u>, 401 F.3d at 24.[7]

---

[7]  The Ninth Circuit diverges from its sister circuits on this issue by conflating the mere contractual enforcement of a settlement agreement and the judicial enforcement of a court order incorporating the terms of a settlement agreement. In <u>Barrios v. California Interscholastic Federation</u>, 277 F.3d 1128 (9th Cir. 2002), the plaintiff claimed prevailing party status based on a settlement that was not incorporated in a court order. Initially, the settlement had been embodied in a judgment for the plaintiff. However, that judgment was vacated and ultimately replaced by a stipulation of dismissal after the defendant objected that they had never contemplated the entry of an executable judgment. <u>Id.</u> at 1133. The <u>Barrios</u> court held that the plaintiff was entitled to fees because "his settlement agreement affords him a legally enforceable instrument" sufficient for

The parties' settlement of the claim raised on Bell's prior appeal was neither approved by this court nor implemented in a consent decree or equivalent order. The parties simply submitted a stipulation of dismissal ultimately prompting the clerk to dismiss the appeal "without judicial action." Under Buckhannon, such a private settlement is not cognizable in the fee analysis under § 1988 and consequently would not have provided a valid legal ground for altering the initial fee award made by the district court. As such, we affirm the district court's denial of Bell's motion for reconsideration of the fee award.

## III

Bell's challenge to the initial decision to limit his fee award to a fraction of the lodestar figure in light of the limited success of his suit has no merit. The district court has discretion to limit attorneys' fees and that determination must be accorded substantial deference absent an error of law or a clearly erroneous

prevailing party status under pre-Buckhannon precedent. Id. at 1134 n.5 (characterizing Buckhannon's general discussion of prevailing party status as dictum). The Ninth Circuit has since reaffirmed this holding, see Carbonell v. INS, 429 F.3d 894, 899 (9th Cir. 2005), while at the same time insisting that its law is consistent with the prevailing approach discussed above. See id. at 901. This position can be maintained only by denying the difference between an "instrument" enforceable as a matter of contract law and a court order enforceable as a matter of judicial oversight – a distinction that is self-evident and widely acknowledged (even by the Ninth Circuit in Carbonell, see id. at 901). See, e.g., Smyth, 282 F.3d at 281-84 (discussing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)). More to the point, denying this distinction would render the prevailing approach to settlement agreements (and the Buckhannon passages from which it derives) meaningless, because any such agreement, however private, is a legally enforceable contract.

understanding of the facts. Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1257 (10th Cir. 2005).

The district court invoked the proper factors for assessing a fee request in the context of a nominal damage award: the relative degree of success achieved, the significance of the legal issue resolved, and the public purpose served by the case. See Brandau v. Kansas, 168 F.3d 1179, 1181 (10th Cir. 1999). The court specifically discussed factors from Justice O'Connor's concurring opinion in Farrar v. Hobby, 506 U.S. 103 (1992), which this court expressly adopted in Brandau. Bell argues that the legal framework for the district court's analysis was nevertheless flawed in that it failed to give due consideration to the significance of the constitutional issue on which Bell prevailed and on the public purpose of the litigation. The court clearly considered both factors and simply concluded that they did not favor a substantial award. The court noted that "[p]laintiff's victory did not clarify the source of constitutional rights in previously uncharted waters." The district court concluded that the public interest had been furthered sufficiently that Bell should not be completely denied a fee award but that the gulf between the extravagant relief sought and the minimal result achieved warranted the substantial reduction imposed pursuant to Farrar's primary degree-of-success consideration. This analysis reflects an accurate understanding of the controlling legal framework.

Because the district court applied the correct standards to the relevant facts, we may reverse only on the basis of "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1058 (10th Cir. 2004) (quotation omitted). No such error occurred in this case.

Consistent with the Supreme Court's admonition that the degree of success is the most critical consideration in determining the reasonableness of a fee, see Farrar, 506 U.S. at 114, the district court rightly emphasized the minimal success of the suit. Two of the claims failed outright, and the third did not secure any compensatory or equitable relief. The gross discrepancy between Bell's "extravagant and overreaching" request for $1.4 million and the jury's minimal award is particularly telling. The court's assessment of the other factors, previously discussed in response to particularized objections raised by Bell, lend additional support for its determination. As such we do not find sufficient grounds to disturb the district court's determination of an appropriate fee award in this case.

The judgment of the district court is **AFFIRMED**.