FILED
United States Court of Appeals
Tenth Circuit

**January 25, 2010**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FRANK SANCHEZ,

      Plaintiff-Appellant,

v.

THE BOARD OF EASTERN NEW
MEXICO, Roswell Branch Community
College District, MILBUR DOLEN;
ORLANDO CHAVEZ; JOSE
CHAVES; JOHN JACKSON;
ALBERTINA SILVA, Members of the
Board of Eastern New Mexico,
Roswell Branch Community College
District; RHODA COAKLEY,
CHAVES COUNTY CLERK; BOARD
OF REGENTS OF EASTERN NEW
MEXICO UNIVERSITY;
MARSHALL STINNETT; ALVA
CARTER; JAY GURLEY; DIEGO
ESPINOSA; PAULINE PONCE,
Members of the Eastern New Mexico
Board of Regents; BILL
RICHARDSON, in his capacity as
Governor for the State of New
Mexico; BEN LUJAN, in his capacity
as Speaker of the New Mexico House
of Representatives; BEN D.
ALTAMIRANO, in his capacity as
President Pro Tem of the New Mexico
Senate;

      Defendants-Appellees.

No. 09-2124
(D.C. No. 1:07-CV-00051-LH-LAM)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.


Frank Sanchez appeals the district court's denial of his motion for an award of attorney's fees and costs. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

Mr. Sanchez filed a complaint alleging that the system of at-large elections for membership on the Board of Eastern New Mexico University Roswell Branch Community College District (ENMU), one of the defendants here, violated the rights of Mexican-Americans under the Voting Rights Act of 1965, 42 U.S.C. § 1973. The parties entered into a settlement agreement (Agreement), whereby ENMU agreed to change its elective system to a single-member district system, two of which were majority Mexican-American, in effect providing Mr. Sanchez with the relief he sought in his complaint. As relevant to this appeal, the Agreement provided that Mr. Sanchez "can petition the Court, as permitted in the

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Federal Voting Rights Act, for a determination of the amount of any reasonable attorney's fees and costs within thirty (30) days after the filing of the Joint Motion to Dismiss should the parties be unable to resolve this issue among themselves." App. at 71, ¶ 9. The parties filed a Stipulation of Dismissal and the next day, the court filed its Order of Dismissal in which it "reserve[d] jurisdiction to determine plaintiff's request for reasonable attorneys [sic] fees and costs," *id.* at 48.

After the parties failed to resolve the fee issue, Mr. Sanchez filed the fee motion contemplated in the Agreement, seeking fees under 42 U.S.C. §§ 1973*l*(e) and 1988(b). Section 1973*l*(e), part of the Voting Rights Act, authorizes a court to award reasonable attorney's fees and litigation expenses to a "prevailing party" in "any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendments." 42 U.S.C. § 1973*l*(e). Section 1988(b) authorizes an award of reasonable attorney's fees in actions or proceedings to enforce any of a number of civil rights statutes. The district court denied the motion on the ground that Mr. Sanchez was not a prevailing party under *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001) (*Buckhannon*), and its progeny.[1] The district court observed that it

_____

[1]     Although *Buckhannon* concerned an award of fees under other statutes that permit fee awards to a "prevailing party," the Court recognized that Congress employed the same "legal term of art" in numerous statutes, including 42 U.S.C. §§ 1973*l*(e) and 1988, and that the Court had consistently interpreted these fee

(continued...)

had not approved the settlement agreement or any of its terms; that the agreement was not implemented in a consent decree or equivalent order; that the agreement was not incorporated into any court order; and that the court had not retained jurisdiction to enforce performance of the obligations assumed by the parties under the agreement, each of which might suffice to confer "prevailing party" status on Mr. Sanchez under *Buckhannon* and its issue. Indeed, as the court noted, the Agreement was not even presented to the court until Mr. Sanchez filed his fee motion. Because there was no "judicial *imprimatur*" on the Agreement, as required under *Buckhannon*, 532 U.S. at 605, the court concluded that Mr. Sanchez was not a prevailing party for purposes of a statutory fee award. Mr. Sanchez appeals.

## Discussion

We examine a district court's decision as to attorney's fees "for an abuse of discretion, reviewing its findings of fact for clear error and its legal conclusions de novo." *Johnson v. City of Tulsa, Okla.*, 489 F.3d 1089, 1102 (10th Cir. 2007). Applying this standard, we discern no error.

Mr. Sanchez's first argument, that the district court erred in failing to enforce the parties' agreement concerning attorney's fees, is not well taken. The Agreement provided only that Mr. Sanchez had the right to file a motion with the

---

[1](...continued)
provisions. *See Buckhannon*, 532 U.S. at 602-03 & n.4. Thus, *Buckhannon* and its progeny are applicable here.

-4-

court for fees "as permitted in the Federal Voting Rights Act," App. at 71, ¶ 9, which is what he did. The district court enforced this provision when it determined that Mr. Sanchez was not entitled to fees as permitted under the Act because he was not a "prevailing party," as required under 42 U.S.C. § 1973*l*(e). The court's ruling, therefore, was not contrary to the parties' agreement.

Mr. Sanchez next argues that he is a prevailing party because the Agreement effected a material change in the parties' legal relationship, a proposition largely undisputed by defendants and one we need not consider, and because the change had the "judicial *imprimatur*" required under *Buckhannon*. We disagree with Mr. Sanchez as to the latter point.

*Buckhannon* rejected the "catalyst theory" of fee recovery, "which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 600. Instead, under *Buckhannon*, "enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* at 604 (quotation omitted). The *sine qua non* is a "judicially sanctioned change in the legal relationship of the parties"; a defendant's voluntary change in conduct "lacks the necessary judicial *imprimatur* on the change," even when the lawsuit was a motivating factor in the defendant's decision. *Id.* at 605.

In applying *Buckhannon*, we have explained that, absent a judgment on the merits or a formal consent decree, a private settlement agreement must bear the marks of a consent decree in order to confer prevailing party status on a plaintiff:

> [I]f a court does not incorporate a private settlement into an order, does not sign or otherwise provide written approval of the settlement's terms, and does not retain jurisdiction to enforce performance of the obligations assumed by the settling parties, the settlement does not bear any of the marks of a consent decree and does not confer prevailing party status on the party whose claims have been compromised.

*Bell v. Bd. of County Comm'rs*, 451 F.3d 1097, 1103 (10th Cir. 2006) (quotation omitted). Accordingly, "[a] fee award cannot be based on an order that merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a dispute before [the court]." *Id.* (quotation omitted).

None of the methods for establishing the requisite judicial *imprimatur* is present here. There is no judgment on the merits or consent decree. Nor did the district court sign the Agreement, provide written approval of its terms, or retain jurisdiction to enforce the obligations assumed by the parties. Instead, the district court's Order of Dismissal "merely recognize[d] the fact of the parties' agreement and dismisse[d] the case," *id.* (quotation omitted), which does not satisfy *Buckhannon*. Although the court did retain jurisdiction over attorney's fees and costs in the event the parties could not resolve the matter, the Agreement did not obligate defendants to pay fees; it only provided that Mr. Sanchez could seek fees and costs under the Voting Rights Act if the parties were unable to agree on fees

-6-

and costs. Thus, the court's continuing jurisdiction over the fee issue, standing alone, does not amount to a judicial *imprimatur* on the terms of the Agreement that effected the material change in the parties' relationship.

Mr. Sanchez also contends that he could have obtained an order from the district court enforcing the Agreement prior to the court's entry of its dismissal order, apparently due to the fact that the parties signed the Agreement on April 16, 2008, but did not file the stipulation of dismissal until September 18, 2008, a day before the district court filed its Order of Dismissal. The flaw in this argument is that any inherent power the court might have had to enforce a breach of the Agreement while the suit remained pending, thereby "lend[ing] judicial teeth to the merits of the case," *Biodiversity Conservation Alliance v. Stem*, 519 F.3d 1226, 1230 (10th Cir. 2008), evaporated once the case was dismissed without the court explicitly retaining jurisdiction to enforce the parties' obligations under the Agreement. Consequently, any in-suit enforcement power the court may have had does not constitute a judicial *imprimatur* on the material terms of the Agreement.

Furthermore, that the Agreement is judicially enforceable as a matter of contract law does not equate to an explicit retention of jurisdiction by the district court that confers prevailing party status on Mr. Sanchez, as he appears to suggest. This is because

> denying the difference between an "instrument" enforceable as a matter of contract law and a court order enforceable as a matter of judicial oversight . . . would render the prevailing approach to settlement agreements (and the *Buckhannon* passages from which it derives) meaningless, because any such agreement, however private, is a legally enforceable contract.

*Bell*, 451 F.3d at 1103 n.7. Thus, representations made by ENMU's counsel during settlement negotiations to the effect that the Agreement would be enforceable absent court approval appear grounded in contract theory, with little applicability to "prevailing party" status for purposes of statutory fees, and cannot fairly be characterized as a concession by defendants that the district court retained jurisdiction to enforce the Agreement, as Mr. Sanchez argues, *see* Aplt. Opening Br. at 14. Because parties cannot confer subject matter jurisdiction by agreement where there is none and estoppel does not apply, *Prier v. Steed*, 456 F.3d 1209, 1214 (10th Cir. 2006), defendants' representations have no bearing on whether there is an adequate judicial *imprimatur* in this case.[2]

We also find no merit in the contention that the magistrate judge's oversight of the settlement process constitutes the judicial *imprimatur* necessary to confer prevailing party status on Mr. Sanchez. According to Mr. Sanchez, that oversight consisted of conducting status conferences regarding the state of the

---

[2] In the district court, Mr. Sanchez expressed a similar argument in terms of estoppel, which the court rejected. He has not explicitly advanced that theory on appeal, but to the extent it is implicit in his appellate briefs, we agree with the district court's conclusion that estoppel should not bar defendants from arguing that the Agreement lacked the necessary judicial *imprimatur*.

settlement negotiations; entering an Order to File Closing Documents as a Result of Settlement, which informed the parties that they needed to file a motion to have the court approve the Agreement if they desired such approval; and entering an order granting the parties an extension of time to file the closing documents. Setting aside the *de minimis* role of the magistrate judge's involvement in the parties' settlement negotiations, Mr. Sanchez has not identified any legal authority that considers such judicial involvement a ground for concluding that a party is a "prevailing party" for purposes of attorney's fees. In fact, the law is to the contrary: "A court's mere involvement in the settlement . . . is not enough" to render a private settlement agreement "sufficiently analogous to a consent decree" such that it confers prevailing party status on a plaintiff. *Bell*, 451 F.3d at 1103 (alteration omitted).

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge